IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**WILLIAM TONY McCROAN, #121157,**

    **Plaintiff,**

vs.                                      Case No. 4:13cv360-MW/CAS

**FLORIDA STATE HOSPITAL,**

    **Defendants.**

                                     /

## ORDER and REPORT AND RECOMMENDATION

Plaintiff, proceeding *pro se*, has submitted a civil rights complaint and an in forma pauperis motion. Docs. 1, 2. Ruling was deferred on Plaintiff's motion to proceed in forma pauperis, doc. 2, because it was not clear whether or not Plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915(h).[1] Plaintiff has now filed a response to that Order which clarifies that Petitioner was adjudicated both "incompetent to proceed" and "adjudicated not guilty by reason of insanity at the time of the offense . . . ." Doc. 5 at 6-8. Having been found not guilty by reason of temporary insanity means that a current

---

[1] Under 28 U.S.C. § 1915(h), a "prisoner" is defined as "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program."

detention is for non-punitive purposes and the plaintiff is not a "prisoner" for purposes of the PLRA's full payment provision of filing fees for prisoners. Troville v. Venz, 303 F.3d 1256, 1260 (11th Cir. 2002) (holding "that the PLRA's restrictions on actions brought by prisoners do not apply to civilly committed detainees"), *citing* Kolocotronis v. Morgan, 247 F.3d 726 (8th Cir. 2001) (holding that an inmate being held at a mental institution pursuant to a finding that he was not guilty by reason of insanity was not a prisoner within the meaning of the PLRA.). In this case, Plaintiff has been found not guilty by reason of insanity and, thus, he is not a prisoner for purposes of the PLRA. Plaintiff's motion for in forma pauperis status, doc. 2, is **GRANTED** as Plaintiff has a balance of just $20.00 in his account at the Florida State Hospital [FSH]. The Clerk of Court shall file the complaint without requiring payment of the filing fee.

Review of Plaintiff's complaint has now been made. Plaintiff indicates on the first page that his complaint is against the Florida State Hospital. Doc. 1 at 1. However, in Section II, Plaintiff lists eight individuals as Defendants. Plaintiff's listing of Defendants must be identical in all sections of the complaint. As filed, this listing is improper, but it need not be corrected in an amended complaint because Plaintiff does not present a viable civil rights claim.

Plaintiff alleges that Defendants Resch, Phung, Uppu, Livingston, Richardson, and Smith do "not have adequate orders, and documentations [sic] to be medically treating" Plaintiff. Doc. at 7-9. Each of these Defendants are listed as a professional social worker, "qualified mental health professional," psychologist, or doctor. Plaintiff has submitted the Order directing his confinement. Doc. 5. These claims are

insufficient and fail to demonstrate that any of these Defendants violated Plaintiff's constitutional rights.

Plaintiff's claim against Administrator Morgan is also based on Plaintiff's assertion that he is confined and treated "on a inadequate/invalid court order . . . ." Plaintiff has not shown that the order of commitment, doc. 5, has been overturned and, thus, this claim is insufficient.

Plaintiff's remaining claim is against Psychologist Hollar who Plaintiff contends falsified a report back to the state court which stated that Plaintiff "was arrested for liquor - sell in the State of Florida." Doc. 1 at 7. Plaintiff denies any such prior arrest. *Id.* Such a statement, whether true or false, has no bearing on Plaintiff's order of commitment or his mental health status. Thus, there is no harm to Plaintiff and the complaint fails to state a claim for which relief may be granted.

Accordingly, it is **ORDERED** that Plaintiff's motion to proceed in forma pauperis, doc. 2, is **GRANTED** and because Plaintiff is not a prisoner as defined by § 1915(h), the Clerk of Court shall file the complaint without requiring payment of the filing fee.

**RECOMMENDATION**

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's complaint, doc. 1, be **DISMISSED** for failure to state a claim upon which relief may be granted.

**IN CHAMBERS** at Tallahassee, Florida, on August 15, 2013.

S/ Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

## **NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**